MELLOY, Circuit Judge,
concurring and dissenting.
I concur in the majority opinion on the upward mobility and working conditions claims. However, I respectfully dissent from the majority opinion as to the equal pay claim. I believe the Plaintiff has generated a submissible case on that issue. I would reverse as to the equal pay claim and remand for trial.
This is a case in which all the experts, Defendant’s expert included, found a statistically significant difference between pay of white center manager and black center managers at UPS in all years at issue except 1995, for which Defendant’s expert found there was no statistically significant difference in pay.
Both parties presented admissible evidence on the issue of pay disparity. All three experts used multiple regression analyses to determine whether the difference in pay was attributable to factors other than race. Each expert identified the factors he or she found to be relevant in determining pay and controlled for these factors in their analyses. Many of the same factors were included in the different studies, such as pay region, performance evaluations, and tenure. The main disagreement between the experts related to performance evaluation data. The issue on appeal came down to whether all available performance data should be included in the analyses or whether two years of performance data was sufficient.
None of the experts included past pay as a factor in their analysis. However, the majority focuses on this would-be factor and upholds summary judgment for the Defendants based on the Plaintiffs’ omission of past pay. They do so despite the fact that all three qualified experts chose not to include past pay as a factor. They do so while acknowledging that “it is clear that a regression analysis that includes less than ‘all measurable variables’ may serve to prove a plaintiffs case.” Bazemore v. Friday, 478 U.S. 385, 400, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986).
At the summary judgment stage, “[cjredibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge .... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.” Anderson v. Lib *473 erty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The question decided by the majority, whether past pay must be added as a factor in order for the Plaintiffs to prove a prima facie case, is a quintessential jury issue.
In considering the evidence in the light most favorable to the Plaintiffs, I would find that the Plaintiffs have generated a jury question on the issue of whether a prima facie case of pay disparity exists. The issue of whether Plaintiffs’ duly-qualified experts considered all the appropriate variables is an issue for the jury. Accordingly, I would reverse the grant of summary judgment for the Defendants on the equal pay claim.